UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


**O.B. DAVIS, JR.** :  **DOCKET NO. 15-cv-2564**
  **D.O.C. # 106316**

**VERSUS** :  **JUDGE MINALDI**


**STATE OF LOUISIANA** :  **MAGISTRATE JUDGE KAY**


<u>**REPORT AND RECOMMENDATION**</u>


Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. §

2254 by *pro se* petitioner O.B. Davis, Jr. ("Davis"). Davis is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections and is incarcerated at Winn Correctional

Center in Winnfield, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

# I.
## BACKGROUND

Davis filed this matter on the form used for seeking *habeas* relief pursuant to 28 U.S.C. §

2254. However, he does not attack his sentence/conviction but rather requests the production of

documents, ostensibly to assist with another pending § 2254 petition in this court. Doc. 1, p. 5.

Before filing the instant petition, Davis filed a motion for production of documents in the trial

court. Doc. 1, att. 1, pp. 1–2. The motion was granted on July 17, 2013. Doc. 1, att. 1, pp. 3–4. It

appears that Davis filed another motion regarding the production of documents in the trial court,

same being granted in part/denied in part on August 7, 2013. Doc. 1, att. 1, p. 18.

Davis then appealed to the Third Circuit Court of Appeal, which denied the writ application as deficient. Doc. 1, att. 1, p. 14. Davis filed a writ of error/reconsideration in the Third Circuit, which was also denied. Doc. 1, att. 1. pp. 15–18. In its denial the court stated:

> Relator filed a writ application with this court seeking supervisory review of the trial court's July 17, 2013, and August 7, 2013, ruling granting Relator copies of the documents provided for under *State ex rel. Simmons v. State* . . . but denying Relator additional documents he alleges that he needs to craft an application for post-conviction relief. In order to obtain free copies of the remaining documents, Relator must demonstrate particularized need as required by *State ex rel. Bernard v. Criminal Dist. Court Section J*. . . . . Relator has failed to prove any such demonstration.

Doc. 1, att. 1, p. 18.

Davis sought further review with the Louisiana Supreme Court, which denied same. Doc. 1, att. 1, p. 20. Davis then filed the instant petition with this court, requesting police reports, lab reports, and DNA analysis "in order to properly defend [his] case through post conviction proceedings." Doc. 1, p. 5.

## II.
### LAW AND ANALYSIS

Davis' *habeas* petition is one in name only; the substance of same is, as he makes clear, a motion for production of documents.

The decision of whether to grant a request for the production of documents rests within the sound discretion of the district court. *Bracy v. Gramley*, 117 S.Ct. 1793, 1796–99 (1997). Before courts exercise this discretion, the petitioner must make a showing of good cause. *Id.*; Rule 6(a) of the Rules Governing § 2254 Cases. Good cause is exemplified by cases "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 117 S.Ct. at 1799 (quoting *Harris v. Nelson*, 89 S.Ct. 1082, 1091 (1969)). We are concurrently recommending dismissal of Davis's

other § 2254 petition on the grounds that it is untimely, meaning that he is not entitled to relief. Thus Davis has not made the requisite showing and the request should be denied.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE.**

**IT IS ALSO RECOMMENDED** that the motion for production of documents embodied within the petition be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum**

**setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C.

§ 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the

time of filing.

THUS DONE this 26th day of April, 2016.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE